IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:15-CR-305 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| JAMAR L. MCMILLAN, | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Jamar L. McMillan ("McMillan") is scheduled to begin trial in the instant criminal matter on February 27, 2018. (See Doc. 85). McMillan recently filed an omnibus pretrial motion containing twenty-one motions and fifteen requests. (Doc. 83). The government has responded, indicating that many of the requests have been satisfied, or will be satisfied prior to trial. (See generally Doc. 90). The government opposes the remaining motions and requests. (Id.) For the reasons that follow, the court will deny the various motions comprising McMillan's omnibus pretrial motion.

I. Factual Background & Procedural History

A federal grand jury returned a three-count indictment against McMillan on December 16, 2015. (Doc. 1). The indictment charged McMillan as follows: one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)C) (Count 1); one count of possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 3). McMillan pleaded not guilty to all counts. (Doc. 10).

On June 6, 2016, McMillan filed a pretrial motion (Doc. 32) to suppress evidence obtained from a warrantless vehicle search as well as statements he made to authorities at the time of his arrest. The Honorable William W. Caldwell denied McMillan's motion to suppress by memorandum and order (Docs. 53-54) dated November 21, 2016.

On December 7, 2016, the grand jury returned a superseding indictment containing two additional counts. (Doc. 57). The superseding indictment retains Count 1 without alteration, adds one count each, at Counts 2 and 3, of possession with intent to distribute phencyclidine (PCP) and a synthetic cannabinoid, AB-CHMINACA, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and retains but renumbers the Section 924(c) and 922(g) charges to Counts 4 and 5, respectively. McMillan pleaded not guilty to all counts in the superseding indictment. (Doc. 67).

On January 17, 2018, this case was reassigned from Judge Caldwell to the undersigned via verbal order. McMillan filed the instant omnibus pretrial motion shortly before reassignment. (Doc. 83). This omnibus motion contains numerous motions and requests, and some requests styled as motions. (Id.) After review, the court has identified twenty-one motions and fifteen requests. The government has filed its response. (Doc. 90). The omnibus pretrial motion is fully briefed and ripe for disposition.

## II.   Discussion

McMillan's omnibus motion, while extensive in the number of issues raised, is short on substance. Only a handful of the motions contain supporting briefing,

despite Local Rule of Court 7.5's requirement that all motions—save those for enlargement of time or that have concurrence of all parties—be supported with a brief.  See LOCAL RULE OF COURT 7.5.  Nonetheless, the court will address the motions that are not simply run-of-the-mill requests for information from the government under the Federal Rules of Criminal Procedure.  Where applicable, the court will group related or duplicative motions.  Finally, the court will omit discussion of any "request" directed to the government that requires no court action.

### A. Motion Regarding Authenticity of Prison Materials and Related Motion *In Limine*

McMillan's first motion combines three different issues.  Under one heading, McMillan (1) requests that the court compel the government to produce warrants, apparently for authentication purposes, for prison visitation logs and recordings of phone calls he made while incarcerated; (2) raises a Federal Rule of Evidence 106 issue regarding use of phone call recordings at trial; and (3) seeks exclusion of those recordings at trial.

The court first addresses McMillan's motion to compel the government to produce warrants.  It appears McMillan is arguing that prison phone call recordings and visitation logs lack requisite authentication under Federal Rule of Evidence 901, and therefore warrants should be produced for proper authentication.  But warrants are not necessary to authenticate the evidence at issue.  Rather, if there is a genuine dispute about authenticity of prison visitor logs or recorded phone calls— assuming the government attempts to introduce that evidence at trial—the government must be prepared to authenticate the evidence by "produc[ing] evidence

3

sufficient to support a finding that the item is what the [government] claims it is." FED. R. EVID. 901(a); United States v. Turner, 718 F.3d 226, 232 (3d Cir. 2013). For example, visitor logs could be authenticated by testimony of an appropriate prison official. See FED. R. EVID. 901(b)(1). The court will therefore deny the motion to compel production of warrants for authentication.

To the extent that McMillan raises a Fourth Amendment claim regarding the seizure of his prison phone conversations without a warrant, that claim is meritless. Prisoners making non-privileged phone calls from prison telephones generally have no reasonable expectation of privacy in those calls. See, e.g., United States v. Monghur, 588 F.3d 975, 979 (9th Cir. 2009); United States v. Morin, 437 F.3d 777, 780 (8th Cir. 2006); United States v. Clark, 651 F. Supp. 76, 81 (M.D. Pa. 1986); cf. United States v. Shavers, 693 F.3d 363, 390 (3d Cir. 2012) (finding that even non-prisoner calling an inmate may not have an objectively reasonable expectation of privacy in phone conversation because such calls are known to be monitored and recorded), vacated on other grounds, 133 S. Ct. 2877 (2013) (mem.). McMillan has failed to explain how he had a reasonable expectation of privacy in calls he made using a prison phone, which is a prerequisite for establishing a Fourth Amendment violation. See United States v. Christie, 624 F.3d 558, 573-74 (3d Cir. 2010). Accordingly, the court will deny McMillan's motion *in limine* to exclude prison phone call recordings at trial.

Finally, McMillan requests that if the government plays a portion of the prison phone calls during trial, the entire recordings be played. He broadly argues

that it would be prejudicial to play only portions of the phone calls, but does not specify how he would suffer prejudice or what other information on the recordings should be heard by the jury.

McMillan cites no authority to support this argument, but he appears to be invoking Federal Rule of Evidence 106. That rule states, in pertinent part, that "[i]f a party introduces . . . part of a . . . recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." FED. R. EVID. 106. Rule 106 represents the codification of the common-law "doctrine of completeness." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-72 (1988).

McMillan is entitled to seek to admit completion evidence. However, he must first explain why "misunderstanding or distortion can be averted only through presentation of another portion [of the recording.]" Id. at 172. He has not done so. Thus, his preemptive motion to require the government to play the full phone call recordings will be denied. McMillan is free to reassert his Rule 106 argument at trial if partial recordings are introduced, but he must provide proper justification for admission of the completion evidence at that time.

### B. Motion for Early Disclosure of Discovery Material & McMillan's Related Motions

McMillan next moves the court to compel early disclosure of various discovery materials. He requests that these materials be provided at least twenty days before trial, rather than pursuant to the government's "standard policy of disclosing the" material "three (3) days before the commencement of trial." (Doc. 83 at 7). The

court will address this motion in tandem with McMillan's numerous other "motions" for production of discovery information. (See Doc. 83 at 6, 11, 12, 17, 19, 20).

The government attempts to respond to each of McMillan's motions regarding the disclosure of discovery material under the Jencks Act, 18 U.S.C. § 3500; the Federal Rules of Criminal Procedure; Brady v. Maryland, 373 U.S. 83 (1963); and Giglio v. United States, 405 U.S. 150 (1972). (See Doc. 90 at 17-24). The government painstakingly sets forth the discovery materials provided to McMillan, demonstrating that it has already complied with most of his requests. (See id.) The government further indicates that it does not object to McMillan meeting with government counsel and law enforcement to inspect evidentiary items. (Id. at 21). Finally, the government avers that it will provide McMillan with the grand jury transcript of a particular law enforcement officer if that officer testifies at trial, and will also provide criminal history and other relevant documents of a potential lay witness prior to that potential witness testifying. (Id. at 23). The government does not specify how far in advance it will produce this information, but does intimate that twenty days' advance disclosure is unnecessary. (See id. at 23 n.2).

Under the Jencks Act and its counterpart in Federal Rule of Criminal Procedure 26.2, "any time that a government witness testifies on direct examination, the defendant is entitled to a copy of 'any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.'" United States v. Maury, 695 F.3d 227, 247 (3d Cir. 2012) (alteration in original) (quoting 18 U.S.C. § 3500(b)(2)). The Jencks Act

endeavors to provide a defendant with the opportunity to review witness statements for impeachment evidence. Id. at 248 (citation omitted). The government is not obligated to produce Jencks material until after a witness has testified, id. (citing 18 U.S.C. § 3500(a)), but federal prosecutors routinely turn over this information several days before the witness testifies, id. at 248 n.18.

McMillan has not provided any binding legal authority that would permit the court to mandate such early disclosure of Jencks material. The Third Circuit has, in fact, held specifically that district courts cannot compel early disclosure. See United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978). The government has also indicated that the Jencks material in this case is limited. (See Doc. 90 at 23 n.2). Accordingly, McMillan's motion to compel early disclosure of discovery material will be denied. The court, however, encourages the government to turn over such material within a reasonable amount of time in advance of trial. See Maury, 695 F.3d at 248 n.18.

### C.     Motion for Hearing Regarding Audiotapes and Transcripts

McMillan next moves the court for a hearing "to determine the intelligibility of the audiotapes [of the prison phone calls] and the accuracy of the transcripts previously provided to the defense." (Doc. 83 at 7). McMillan, however, has failed to establish why such a hearing should be held. For example, he has not pointed to any alleged inconsistencies or errors in the transcripts provided by the government. Therefore, the court will deny this motion because it has no factual or legal support.

### D. Motion to Dismiss Section 924(c) Count

McMillan moves the court to dismiss Count 4 of the superseding indictment, which charges a violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 83 at 8-11). McMillan asserts that the government has failed to state an offense. (Id. at 8, 10). He makes two arguments to support this assertion, both without merit.

First, McMillan vehemently asserts that he never possessed a firearm on the day in question, and therefore the Section 924(c) count should be dismissed. Rather than attacking the sufficiency of the indictment, McMillan essentially claims the charge cannot be proven. These are two entirely distinct legal issues.

The grand jury returned a superseding indictment charging that from approximately July 2015 to August 2015 in this judicial district, McMillan possessed a particular handgun in furtherance of drug-trafficking crimes. (Doc. 57 at 3). "It is well-established that [a]n indictment returned by a legally constituted and unbiased grand jury, . . . *if valid on its face*, is enough to call for trial of the charge on the merits." United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012) (alterations in original) (citation and internal quotation marks omitted). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007) (citation omitted).

Count 4 of the instant superseding indictment satisfies the requirements for facial validity. There is nothing insufficient regarding this charge. The separate issue of whether McMillan in fact possessed the handgun on the day in question is the province of the jury, not a pretrial matter.

Second, McMillan argues that Count 4 must be dismissed because the residual clause of Section 924(c)(3)(B) is constitutionally infirm. McMillan relies on the holding of Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), for this proposition.

McMillan's reliance on Johnson is misplaced. Johnson did not concern Section 924(c)(3)(B). The Johnson Court's holding was limited to the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Johnson, 135 S. Ct. at 2561, 2563. To date, the residual clause of Section 924(c)(3)(B) has not been found unconstitutional by the Supreme Court of the United States, the Third Circuit, or any other circuit court of appeals. Consequently, the court will deny McMillan's motion to dismiss.[1]

### E. Motions Related to Obtaining Grand Jury Information

McMillan next makes a series of motions related to obtaining secret grand jury information. He seeks, *inter alia*, the transcript of grand jury proceedings, or alternatively some form of inspection of grand jury minutes and transcripts. (Doc. 83 at 12-17). McMillan, relying on Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), cursorily asserts that "false information may have been provided to the Grand

---

[1] McMillan relatedly argues that Johnson's holding obviates his status as a career offender under the United States Sentencing Guidelines. (See Doc. 83 at 9). The court declines to address sentencing issues before trial has taken place.

9

Jury," which "may support a ground for dismissal of the Indictment." (Doc. 83 at 12, 16). The government opposes these motions. (Doc. 90 at 34-36).

"Th[e] indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted). To overcome the "long-established policy" of keeping grand jury proceedings secret, an individual seeking disclosure must show a particularized need that outweighs the public interest in secrecy. Id. at 681-82; United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989).

McMillan's vague allegation that false information may have been provided to the grand jury falls far short of a particularized and compelling need that would outweigh the public interest in grand jury secrecy. Such an ill-defined claim ostensibly could be made in every criminal case initiated by grand jury indictment. The court will thus deny McMillan's motions requesting grand jury information.

### F.    Motion for a Bill of Particulars

McMillan's motion for a bill of particulars consists of one sentence, to wit: "Mr. McMillan is requesting the Government provide, with specificity, the particulars of this case." (Doc. 83 at 19). McMillan does not move the court to take any action and provides no briefing to illuminate his request.

The court will deny this "motion" without prejudice. If McMillan desires a bill of particulars in this case, he should first request that information—with specificity—from the government. If the government refuses the request, McMillan should file a formal motion setting forth in detail the information he seeks and why

10

he believes that information is necessary to "adequately prepare his defense, to avoid surprise during the trial[, or] to protect him against a second prosecution for an inadequately described offense." United States v. Moyer, 674 F.3d 192, 203 (3d Cir. 2012). That motion should also comport with this district's Local Rules of Court, in particular Local Rule 7.5, requiring supporting briefs.

### G.     Motion *In Limine* to Exclude Rule 404(b) Evidence

McMillan next moves the court to "limit the Government's use of extrinsic evidence, bad acts, prior bad act [sic], etc." (Doc. 83 at 19). It appears that this one-sentence motion refers to other-act evidence under Federal Rule of Evidence 404(b) that the government may attempt to introduce at trial. McMillan does not specify what evidence he wants to exclude, why that evidence should be excluded, or what legal authority supports his position. To the extent that this lone sentence qualifies as a motion *in limine*, the motion will be denied.

The court notes that the government has provided, pursuant to Rule 404(b)(2)(A), specific notice of its intent to offer other-act evidence at McMillan's trial. (See Doc. 89). If McMillan opposes the introduction of this evidence, he should respond to the government's notice and briefing by setting forth his countervailing arguments for why such evidence should not be introduced.

### H.     Motion to Disclose Identity of Confidential Informant(s)

McMillan also seeks "disclosure of any and all informants' identities" and requests that "informants be made available for interview." (Doc. 83 at 21). He again provides no rationale or briefing in support of this broad request.

The government has a privilege to withhold a confidential informant's identity. See United States v. Gatlin, 613 F.3d 374, 379-80 (3d Cir. 2010). A defendant may, however, overcome the government's privilege by "demonstrat[ing] that disclosure is 'relevant and helpful to [his] defense' or 'is essential to a fair determination' of his guilt.'" Id. (quoting United States v. Johnson, 302 F.3d 139, 149 (3d Cir. 2002)). McMillan has not even attempted to satisfy this burden. The court will deny his motion for disclosure of confidential informants' identities.

I. Motion for Change of Venue

McMillan also moves the court for change of venue based on "bias and prejudice." (Doc. 83 at 21-22). He claims he "does not feel he can receive a fair trial" in this district. (Id. at 21). According to McMillan, this is because the former United States Attorney, Bruce Brandler ("USA Brandler"), made comments to media sources "regarding [USA Brandler's] son's drug use, abuse, and ultimate death which have sparked his intense fight on the 'war on drugs.'" (Id.) McMillan also points to plea agreement negotiations—in which the terms of a previously rejected plea bargain were not reoffered—as evidence of bias and prejudice. (Id. at 22). The government opposes this motion. (Doc. 90 at 30-33).

Federal Rule of Criminal Procedure 21 governs motions for change of venue in federal criminal cases. Skilling v. United States, 561 U.S. 358, 378 n.11 (2010). Rule 21 provides that "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that *so great a prejudice* against the defendant exists in the transferring district that the

defendant cannot obtain a fair and impartial trial there." FED. R. CRIM. P. 21(a) (emphasis added).

McMillan has not carried his burden to show that "so great a prejudice against" him exists in this district that he "cannot obtain a fair and impartial trial" here. Id. First, and most importantly, McMillan's *allegata* concerning USA Brandler's previous comments to the media are not at all specific to McMillan. Under McMillan's reasoning, no drug case could be tried impartially in the Middle District of Pennsylvania. The court flatly rejects this proposition. Second, the fact that McMillan was not reoffered the same terms as a previously declined plea agreement in no way establishes the prejudice required for a change of venue. Simply put, whether the government decides to reoffer similar plea-agreement terms has no bearing on the fairness and impartiality of a federal jury trial in this district. Therefore, because McMillan has not established that he cannot obtain a fair and impartial trial in this district, the court will deny his motion for a change of venue.

### J. Motion to Reconsider Denial of Suppression Motion

Finally, McMillan moves the court to reconsider its denial of his previous motion to suppress evidence.[2] (Doc. 83 at 25-26). McMillan again asserts that his Fourth Amendment rights were violated by the vehicle search at issue. (Id.) He does not, however, explain why this court's prior decision was erroneous, or why it would be "consonant with justice" to reconsider it. See State Nat'l Ins. Co. v.

---

[2] As the government correctly notes, McMillan's motion for reconsideration is over 400 days late according to Local Rule of Court 7.10.

County of Camden, 824 F.3d 399, 406 n.14 (3d Cir. 2016) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." (alteration in original) (emphasis removed) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973))). Because McMillan has provided no reason to revisit the suppression motion, the court will deny his untimely motion for reconsideration

## IV. Conclusion

The court will deny McMillan's omnibus pretrial motion (Doc. 83) as more specifically stated hereinabove. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: February 23, 2018