IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:15-CR-305 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JAMAR L. MCMILLAN, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Jamar L. McMillan ("McMillan") is scheduled to begin trial in the instant criminal matter on February 27, 2018. (See Doc. 85). McMillan recently filed a pretrial motion *in limine* seeking to exclude certain evidence at trial. (Doc. 98). For the following reasons, the court will deny McMillan's motion.

I. Factual Background & Procedural History

A federal grand jury returned a three-count indictment against McMillan on December 16, 2015. (Doc. 1). The indictment charged McMillan as follows: one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)C) (Count 1); one count of possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 3). McMillan pleaded not guilty to all counts. (Doc. 10).

On December 7, 2016, the grand jury returned a superseding indictment containing two additional counts. (Doc. 57). The superseding indictment retains Count 1 without alteration, adds one count each, at Counts 2 and 3, of possession with intent to distribute phencyclidine (PCP) and a synthetic cannabinoid, AB-

CHMINACA, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and retains but renumbers the Section 924(c) and 922(g) charges to Counts 4 and 5, respectively. McMillan pleaded not guilty to all counts in the superseding indictment. (Doc. 67).

On January 17, 2018, this case was reassigned from the Honorable William W. Caldwell to the undersigned via verbal order due to Judge Caldwell's retirement. McMillan filed the instant motion *in limine* on February 20, 2018, one week before trial. (See Doc. 98). The motion seeks to exclude from trial evidence regarding multiple "glassine bags" of "white powder" that tested negative for controlled substances. (Doc. 99 at 4-6). McMillan contends this evidence is irrelevant or, alternatively, its probative value is substantially outweighed by the potential problems with its admission. (Id.) The motion is fully briefed and ripe for disposition.

## II. Discussion

Evidence is relevant when it tends to "make a fact more or less probable than it would be without the evidence" and that fact is consequential to the outcome of the case. FED. R. EVID. 401. Relevant evidence generally is admissible. FED. R. EVID. 402. Rule 401's definition of relevant evidence is "very broad" and "does not raise a high standard." Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 544 (3d Cir. 2007) (citation omitted).

The court may nonetheless exercise its discretion to exclude relevant evidence if that evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay,

2

wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Rule 403 is meant to guard against *unfair* prejudice, not all prejudice. United States v. Cunningham, 694 F.3d 372, 390 (3d Cir. 2012). Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note to 1972 proposed rules.

McMillan argues that evidence of the "non-controlled substances" should be precluded from trial. (Doc. 99 at 6). He contends this evidence is not relevant to the crimes charged in the superseding indictment because the powder tested negative for illegal narcotics. (Id. at 4-5). McMillan also argues that even if such evidence were relevant, it would fail the Rule 403 balancing test because "any probative value [the evidence] may have is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay[,] and wasting time." (Id. at 5-6).

McMillan does not explain how introduction of the evidence in question would confuse the issues, mislead the jury, cause undue delay, or waste time. Regarding unfair prejudice, he argues only that "[k]nowing Mr. McMillan possessed non-controlled substances could cause the jury to convict Mr. McMillan of possessing with the intent to distribute other substances, on something other than the established propositions of the instant case." (Id. at 5-6). McMillan appears to be arguing that if evidence of conspicuously packaged non-drug substances were admitted, the jury may be more inclined to convict him of possession with intent to

3

distribute the actual drugs that were also found on his person. This, McMillan argues, would be unfairly prejudicial.

The government contends the evidence is both relevant and admissible. According to the government, the thirty-nine bags stamped "DIESEL" and "TAKE OVER" containing "counterfeit heroin" are packaged in the exact same manner as the three bags containing actual heroin and thus are relevant to establishing McMillan's intent to distribute. (Doc. 103 at 5-6). The prosecution anticipates that McMillan will argue at trial that the drugs found on his person were for personal use, thereby making the counterfeit-drug packages highly probative of McMillan's true intent. (Id. at 6 & n.2). Finally, the government contends that McMillan has failed to show why admission of this evidence would be so unfairly prejudicial as to substantially outweigh its probative value. (Id. at 6-7).

The evidence at issue is clearly relevant in this case. The white powder—which the government contends will be identified by an expert as quinine, a common cutting agent used in narcotics distribution—was packaged in an identical manner as the actual heroin, and found in the same "corner tied sandwich bag" on McMillan's person. (Doc. 99 at 3; Doc. 103 at 2-3 & n.1). These facts tend to show an intent to distribute, as having dozens of bags containing fake narcotics obviously implies something other than personal use. Such intent is material to at least Counts I and IV of the superseding indictment, which charge McMillan with possession of heroin with intent to distribute and possession of a firearm in furtherance of drug distribution, respectively. Thus, the evidence meets the broad

4

definition of "relevant" found in Federal Rule of Evidence 401. See Moyer, 473 F.3d at 544.

The subject evidence also easily survives Rule 403's balancing test. Introduction of this evidence could prejudice McMillan, just as any adverse evidence could prejudice a criminal defendant. But McMillan has failed to show why such prejudice is unfair or substantially outweighs the evidence's probative value.

As noted, the counterfeit narcotics were identically packaged and bundled in the same plastic bag as the real heroin, and were found contemporaneously during the search of McMillan's person. They were not, for example, found during a separate search performed at a different time and location. Moreover, the counterfeit drugs are highly probative of McMillan's intentions for the actual heroin found on his person. Cf. United States v. Thompson, 686 F.3d 575, 585 (8th Cir. 2012) (packaging of drugs "in separate user-sized quantity amounts" can be circumstantial evidence of intent to distribute). The court finds nothing "unfair" about introducing this evidence at trial, let alone so unfair as to substantially outweigh its probative value. Consequently, the evidence is not precluded by Rule 403.

## III. Conclusion

The court will deny McMillan's pretrial motion *in limine* (Doc. 98) as more specifically stated hereinabove. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: February 26, 2018